## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**SONJA LUJAN, and**
**RONALD AHLIN,**

      **Plaintiffs,**

**vs.**                                 **No. CIV 04-0057 RB/RLP**

**D.R. HORTON, INC., a New**
**Mexico Corporation,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion to Vacate Trial, for Additional Discovery, and Extension of Pretrial Deadlines (Doc. 84), filed on April 12, 2005, and Defendant's Motion to Sever, or for Separate Trials (Doc.53), filed on February 28, 2005. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of counsel, relevant law, and being otherwise fully advised, I find that the motion to vacate trial should be granted, the motion for additional discovery and extension of pretrial deadlines should be addressed by the assigned magistrate judge, and the motion to sever should be denied.

Defendant moves to vacate the trial and reopen discovery. The case is set for trial on a June 20, 2005 trailing docket. A multi-defendant criminal case has been assigned a firm setting for the same day. For this reason, I find that the motion to vacate trial should be granted. The request for extension of pretrial deadlines should be addressed by the

Honorable Richard L. Puglisi, United States Magistrate Judge.

Defendant moves for a separate trial for each Plaintiff.  It is permissible for plaintiffs to join their claims together in a single action when (1) they assert any right to relief arising out of the same series of transactions or occurrences and (2) if any common questions of law or fact will arise in the action. FED. R. CIV. P. 20(a).   Plaintiffs worked at the same subdivision, had the same sales quotas, and were fired by the same persons for the same stated reasons.  Their theories for recovery are the same.  Clearly, common questions of law and fact will arise in the action.  The claims are properly joined under  Rule 20(a).

Rule 20(b) and 42(b) allow the district court discretion to order the separate trial of any claim or any separate issue in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy.  FED. R. CIV. P. 20(b) and 42(b).  "[B]ecause of crowded dockets and the rules' liberal approach to joinder of actions and parties, federal courts are inclined to avoid duplicating trials of the same matters and therefore exercise their discretion under Rule 20(b) cautiously. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1660 at p. 470.  A single trial usually serves to lessen delay, expense and inconvenience to parties and the court. *Id*. at § 2388, p. 474.

Defendant claims that it will be prejudiced if the jury hears that it fired two older people, and the underlying facts are not the same with respect to each Plaintiff.  Plaintiffs oppose severance and point out that Defendant's grounds are not compelling.  I agree with Plaintiffs.  The fact that Defendant fired both Plaintiffs is a fact.  Plaintiffs are the masters

of their claims and they chose to file suit together. While the circumstances of the terminations are not identical, they are very similar. Under these circumstances, separate trials would not further the parties' convenience, avoid delay or prejudice, or be conducive to the expedition of litigation and judicial economy. The motion to sever will be denied.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**